UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                        )
                                        )
ESTATE. OF LOUIS R. LITIF, ET AL.       )   DOCKET NO: 02-CV-11791
    Plaintiffs,                         )
                                        )
                                        )
v.                                      )
                                        )
                                        )
UNITED STATES OF AMERICA, et al.        )
    Defendant.                          )
                                        )
```

## DEFENDANT, LAWRENCE SARHATT'S, ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant, Lawrence Sarhatt ("Defendant" or "Sarhatt") responds to each of the allegations set forth in plaintiffs' complaint as follows:

### JURISDICTIONAL STATEMENT

The allegations and statement set forth in the jurisdictional statement of the plaintiff's complaint set forth conclusions of law to which no response is required. To any extent the allegations set forth in the jurisdictional statement infer, suggest or allege any wrongful conduct on the part of this Defendant, they are expressly denied.

### THE PARTIES

1-10. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 1 through 10 of the plaintiffs' complaint.

-2-

11. The allegations set forth in Paragraph 11 of the plaintiffs' complaint set forth conclusions of law to which no response is required. To any extent a response is deemed required, Defendant states that he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 11 of the plaintiffs' complaint.

12. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 12 of the plaintiffs' complaint.

13. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 13 of the plaintiffs' complaint.

14. The allegations set forth in Paragraph 13 of the plaintiffs' complaint set forth conclusions of law to which no response is required.

15. The Defendant admits that he is a natural person and that he resides in Michigan.

16. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 16 of the plaintiffs' complaint as it fails to define what is meant by "at all times relevant to this complaint." Further answering, the Defendant states that between June 18, 1980 and August 20, 1982 he served as the special agent in charge of the FBI Boston Field Office and was an employee of the United States of America.

17. The allegations set forth in Paragraph 17 of the plaintiffs' complaint set forth conclusions of law to which no response is required.

18. The allegations set forth in the Paragraph 18 of the plaintiffs' complaint do not apply to this Defendant and otherwise set forth conclusions of law to which no response is required by this Defendant.

899843v1

19. The allegations set forth in the Paragraph 19 of the plaintiffs' complaint do not apply to this Defendant and otherwise set forth conclusions of law to which no response is required by this Defendant.

20. The allegations set forth in the Paragraph 20 of the plaintiffs' complaint set forth conclusions of law to which no response is required.

## CAUSE OF ACTION

21. The allegations set forth in Paragraph 21 of the plaintiffs' complaint do not apply to this Defendant and, therefore, no response is required. Further answering. the allegations set forth in Paragraph 21 of the plaintiffs' complaint set forth conclusions of law to which no response is required.

22. The Defendant admits that Connolly was a special agent for the FBI at certain times but is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 22 of the plaintiffs' complaint.

23. The Defendant admits that Morris was an FBI special agent at certain times but is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 23 of plaintiffs' complaint.

24. The Defendant admits that he served as a special agent in charge of the FBI Boston Field Office between June 18, 1980 and August 20, 1982, when he retired. The Defendant denies that he was associated with the Boston office beginning in 1979 or at anytime after August 20, 1982.

25. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 25 of the plaintiffs' complaint

26. The Defendant admits that at certain times Bulger and Flemmi were confidential informants for the FBI and that Connolly was Bulger's informant handler and that Morris was Connolly's squad supervisor. Defendant further admits that between June 18, 1980 and August 20, 1982 he was the special agent in charge of the Boston Field Office for the FBI. The Defendant otherwise denies the remaining allegations set forth in Paragraph 26 of the plaintiffs' complaint

27. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 27 of the plaintiffs' complaint.

28. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 28 of the plaintiffs' complaint.

29. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 29 of the plaintiffs' complaint.

30. The allegations set forth in Paragraph 30 of the plaintiffs' complaint do not apply to this Defendant. Further answering, the Defendant otherwise is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 30 of the plaintiffs' complaint.

31. The Defendant denies the allegations set forth in Paragraph 31 of the plaintiffs' complaint.

32. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 32 of the plaintiffs' complaint.

33. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 33 of the plaintiffs' complaint.

34. The allegations set forth in Paragraph 34 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. Further answering, and assuming that the allegations set forth in Paragraph 34 of the plaintiffs' complaint do apply to this Defendant, they are denied.

35. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 35 of the plaintiffs' complaint.

36. The allegations set forth in Paragraph 36 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent an answer is deemed required, the Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 36 of the plaintiffs' complaint.

37. The allegations set forth in Paragraph 37 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required, the Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 37 of the plaintiffs' complaint.

38. The Defendant denies the allegations set forth in Paragraph 38 of the plaintiffs' complaint.

39. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 39 of plaintiffs' complaint and further states that he did not assume any position with the Boston Office until June 18, 1980, two months after plaintiffs' decedent's alleged murder.

40. The allegations set forth in Paragraph 40 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent

an answer does apply to this Defendant and a response is deemed required, the allegations are denied.

41. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 41 of plaintiffs' complaint.

42. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 42 of plaintiffs' complaint.

43. The Defendant denies the allegations set forth in Paragraph 43 of the plaintiffs' complaint.

44. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 44 of plaintiffs' complaint.

45. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 45 of plaintiffs' complaint.

46. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 46 of plaintiffs' complaint.

47. The allegations set forth in Paragraph 47 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required, the Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 47 of the plaintiffs' complaint

48. The allegations set forth in Paragraph 48 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required, the Defendant states that he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 48 of the plaintiffs' complaint

49. The allegations set forth in Paragraph 49 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required and are otherwise directed at this Defendant, they are denied.

50. The allegations set forth in Paragraph 50 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required, the Defendant states that he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 50 of the plaintiffs' complaint

51. The Defendant denies the allegations set forth in Paragraph 51 of the plaintiffs' complaint.

52. The allegations set forth in Paragraph 52 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required or are otherwise directed at him, the Defendant denies the allegations set forth in Paragraph 52 of the plaintiffs' complaint

53. The Defendant admits that there were certain guidelines regarding FBI engagement of informants promulgated by the Attorney General but that he is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 53 of plaintiffs' complaint.

54. The Defendant denies the allegations set in Paragraph 54 of the plaintiffs' complaint.

55. The allegations set forth in Paragraph 55 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a

response is deemed required or any of the allegations are deemed to apply to this Defendant, they are denied.

56. The allegations set forth in Paragraph 56 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required, the Defendant states that he is without sufficient knowledge or information to either admit or deny the allegations and otherwise answers that to the extent they are directed towards this Defendant, they are denied.

57. The allegations set forth in Paragraph 57 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required or the allegations are otherwise deemed to apply to this Defendant, the Defendant states that he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 57 of the plaintiffs' complaint.

58. The allegations set forth in Paragraph 58 do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required, the Defendant responds that he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 58 of the plaintiff's complaint.

59. The allegations set forth in Paragraph 59 do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required and the allegations are otherwise deemed to apply to this Defendant, the Defendant denies the allegations set forth in Paragraph 59 of the plaintiffs' complaint.

60. The allegations set forth in Paragraph 60 do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed

required and the allegations are otherwise deemed to apply to this Defendant, the Defendant denies the allegations set forth in Paragraph 60 of the plaintiffs' complaint.

61. The allegations set forth in Paragraph 61 do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required and the allegations are otherwise deemed to apply to this Defendant, the Defendant denies the allegations set forth in Paragraph 61 of the plaintiffs' complaint.

62. The allegations set forth in Paragraph 62 do not apply to this Defendant and therefore no response is required.

63. The Defendant denies the allegations set forth in Paragraph 63 of the plaintiffs' complaint.

64. The Defendant denies the allegations set forth in Paragraph 64 of the plaintiffs' complaint.

65. The Defendant denies the allegations set forth in Paragraph 65 of the plaintiffs' complaint to the extent they are directed or concern this Defendant.

66. The Defendant denies the allegations set forth in Paragraph 67 of the plaintiff's complaint.

## COUNT I – VIOLATION OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE, 18 U.S.C. § 1961, ET SEQ.

67. The Defendant re-alleges and reaffirms each of the responses set forth in Paragraphs 1 through 67 above, and incorporates them by reference as if fully set forth herein.

68-126. The allegations set forth in Paragraphs 68 through 126 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to any extent a response is deemed required or that this Count in any way infers,

asserts, or alleges any wrongdoing by this Defendant, the allegations set forth in Paragraphs 68 through 126 of plaintiffs' complaint are denied.

## COUNT II – VIOLATION OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE, 18 U.S.C., § 1961, ET SEQ.

127. The Defendant re-alleges and reaffirms each of the responses set forth in Paragraphs 1 through 127 above, and incorporates them by reference as if fully set forth herein.

128-135. The allegations set forth in Paragraphs 128 through 135 of the plaintiffs' complaint do not set forth a cause of action against this Defendant and, therefore, no response is required. In further answering, and to the extent a response is deemed required or that the allegations infer, suggest, or allege any wrongdoing by this Defendant, the Defendant denies the allegations set forth in Paragraphs 127 through 135 of the plaintiffs' complaint.

## COUNT III – VIOLATION OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS STATUTE, 18 U.S.C., § 1961, ET SEQ.

136. The Defendant re-alleges and reaffirms each of the responses set forth in Paragraphs 1 through 135 above, and incorporates them by reference as if fully set forth herein.

137-146. The allegations set forth in Paragraphs 137 through 146 of the plaintiffs' complaint do not set forth a cause of action against this Defendant, and therefore no response is required. In further answering, and to the extent a response is deemed required, the Defendant denies the allegations set forth in Paragraphs 136 through 146 of the plaintiffs' complaint.

## COUNT IV – VIOLATION OF CONSTITUTIONAL RIGHTS

147. The Defendant re-alleges and reaffirms each of the responses set forth in Paragraphs 1 through 146 above, and incorporates them by reference as if fully set forth herein.

148-149. The allegations set forth in Paragraphs 148 and 149 of the plaintiffs' complaint set forth conclusions of law to which no response is required. In further answering,

and to any extent it is alleged that plaintiffs have set forth a viable constitutional violation, the allegations are denied.

150-160. The allegations set forth in Paragraphs 150 and 160 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required. In further answering, and to the extent any of the allegations infer, suggest, or allege any wrong doing by this Defendant, the allegations are denied.

## COUNT V – VIOLATION OF CONSTITUTIONAL RIGHTS

161. The Defendant re-alleges and reaffirms each of the responses set forth in Paragraphs 1 through 160 above, and incorporates them by reference as if fully set forth herein.

162. The allegations set forth in Paragraph 162 of the plaintiffs' complaint set forth conclusions of law to which no response is required.

163. The Defendant denies the allegations set in Paragraph 163 of the plaintiffs' complaint.

164. The Defendant denies the allegations set in Paragraph 164 of the plaintiffs' complaint.

165. The Defendant denies the allegations set in Paragraph 165 of the plaintiffs' complaint.

166. The Defendant denies the allegations set in Paragraph 166 of the plaintiffs' complaint.

167. The Defendant denies the allegations set in Paragraph 167 of the plaintiffs' complaint.

168. The Defendant denies the allegations set in Paragraph 168 of the plaintiffs' complaint.

169. The Defendant denies the allegations set in Paragraph 169 of the plaintiffs' complaint.

170. The Defendant denies the allegations set in Paragraph 170 of the plaintiffs' complaint.

171. The Defendant denies the allegations set in Paragraph 171 of the plaintiffs' complaint.

172. The Defendant denies the allegations set in Paragraph 172 of the plaintiffs' complaint.

173. The Defendant denies the allegations set in Paragraph 173 of the plaintiffs' complaint.

174. The Defendant denies the allegations set in Paragraph 174 of the plaintiffs' complaint.

175. The Defendant denies the allegations set in Paragraph 175 of the plaintiffs' complaint.

176. The Defendant denies the allegations set in Paragraph 176 of the plaintiffs' complaint.

### COUNT VI – FEDERAL TORT CLAIMS ACT

<u>By the Plaintiff, Anna M. Litif, in her capacity as Administratrix
of the Estate of Louis R. Litif, against the United States of American</u>

177. The Defendant re-alleges and reaffirms each of the responses set forth Paragraphs 1 through 176 above, and incorporates them by reference as if fully set forth herein.

178. – 187. The allegations set forth in Paragraphs 178 through 187 do not apply to this Defendant and therefore no response is required. In further answering, and to the extent any of

the allegations infer, suggest or allege any wrongdoing on the behalf of this Defendant, they are expressly denied.

### COUNT VII – FEDERAL TORT CLAIMS ACT

#### By the Plaintiffs, Anna M. Litif, Individually, Luanne Litif, and Lee Litif Against the United States of America, et al.

188.   The Defendant re-alleges and reaffirms each of the responses set forth in Paragraphs 1 through 187 above, and incorporates them by reference as if fully set forth herein.

189. – 203.   The allegations set forth in Paragraphs 189 through 203 of the plaintiffs' complaint do not apply to this Defendant and therefore no response is required.  In further answering, and to the extent a response is deemed required or that any of the allegations allege, infer, or suggest any wrongdoing on the part of this Defendant they are expressly denied.

WHEREFORE, the Defendant, Lawrence Sarhatt, denies that the plaintiffs are entitled to recover in any amount and demands that their complaint be dismissed and judgment be entered in favor of the Defendant for the costs and disbursements of this action.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

By way of affirmative defense, the Complaint must be dismissed for improper service.

### FIFTH DEFENSE

By way of affirmative defense, the Complaint must be dismissed due to lack of jurisdiction over this Defendant.

### SIXTH DEFENSE

By way of affirmative defense, the Complaint must be dismissed as it is barred by the statute of limitations.

899843v1

## SEVENTH DEFENSE

By way of affirmative defense, plaintiffs cannot recover because of the doctrine of qualified immunity.

## EIGHTH DEFENSE

By way of affirmative defense, plaintiffs' action is barred by laches.

## NINTH DEFENSE

By way of affirmative defense, the Defendant states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, plaintiffs cannot recover.

## TENTH DEFENSE

By way of affirmative defense, if plaintiffs' suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendant was not and is not legally responsible.

## ELEVENTH DEFENSE

By way of affirmative defense, the Defendant was justified in his conduct and acts and that therefore the plaintiffs cannot recover.

## **JURY TRIAL**

The Defendant, Lawrence Sarhatt, demands a jury trial as to all issues triable as of right to a jury.

        Respectfully Submitted,
        The Defendant
        LAWRENCE SARHATT,
        By his attorneys,

        MORRISON, MAHONEY & MILLER

        /s/ Tory A. Weigand
        Tory A. Weigand, BBO #548553
        250 Summer Street
        Boston, MA 02210-1181
        (617) 439-7500

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 6/30/03

Tory A. Weigand

-15-

# MORRISON, MAHONEY & MILLER, LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Tory A. Weigand
Phone: 617-737-8827
Fax: 617-342-4947
tweigand@mail.mm-m.com

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

RHODE ISLAND
PROVIDENCE

CONNECTICUT
HARTFORD

NEW YORK
NEW YORK

ENGLAND
LONDON

June 30, 2003

**By Hand**

Office of the Civil Clerk
United States District Court
   for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA 02210

**Re:**   **FBI-Boston Litigation before Judge Reginald Lindsay**
         **Leading Docket No. 2001-CV-10408-RCL**
         **Estate of Louis R. Litif, et al., Docket No. 02-CV-11791**
         **File No. 10005930**

Dear Sir/Madam:

Enclosed for filing and docketing in the above-entitled action please find the following:

- DEFENDANT, LAWRENCE SARHATT'S, ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL.

Thank you.

Very truly yours,

Tory A. Weigand

TAW/ll
Encl.

cc:   See Attached Service List (by first class mail)

887627v1

**MORRISON, MAHONEY & MILLER, LLP**

June 30, 2003
Page 2

cc:

Edward J. Lonergan, Esquire
101 Merrimac Street
Suite 800
Boston, MA  02114-9601

John M. Morris (Pro Se)
4270 Armadillo Trl.
Niceville, FL  32578-7108

A. Douglas Matthews, Esquire
25 Norwood Street, #300
Fall River, MA  02723

Stephen J. Flemmi (Pro Se)
MCI Cedar Junction Corrections Facility
Route 1A, P.O. Box 100
Walpole, MA  02701

William A. Brown, Esquire
31 Milk Street
Boston, MA  02109

Margaret Kraweic, Esquire
Stacey Bosshardt, Esquire
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044

E. Peter Mullane, Esquire
Mullane, Michael & McInnes
132 Mount Auburn Street
Cambridge, MA  02138-5736

Christine M. Roach, Esquire
Roach & Carpenter, P.C.
24 School Street, 8th Floor
Boston, MA  02108

Brian P. Fitzsimmons, Esquire
Hanley, Hassett & Fitzsimmons, LLC
500 Granite Avenue
Milton, MA  02186

E. Peter Parker, Esquire
One Commercial Wharf North
Boston, MA  02110

Alan D. Rose, Esquire
Rose & Associates
29 Commonwealth Avenue
Boston, MA  02216

Kevin Weeks (Pro Se)
Attn:  Michael Egan
K.W. Reg. No. 22872-038
320 First Street, N.W., Room 524
Washington, D.C.  20534

John Matarano (Pro Se)
Attn:  Michael Egan
K.W. Reg. No. 22872-038
320 First Street, N.W., Room 524
Washington, D.C.  20534

Douglas A. Louison, Esquire
Stephen Pfaff, Esquire
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA  02110

887627v1

**MORRISON, MAHONEY & MILLER, LLP**

June 30, 2003
Page 3

Edward Berkin, Esquire
50 Congress Street, Suite 936
Boston, MA  02109-4008

Dean A. Mazzone, Esquire
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA  02108