UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANNA M. LITIF, Individually, <br> and in her Capacity as Administratrix of the <br> ESTATE OF LOUIS R. LITIF, <br> LUANNE LITIF, and LEE LITIF, <br>         Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, et al., <br><br>         Defendants. | CIVIL ACTION NO. <br> 02-11791-RCL |

ORDER ON MOTIONS OF DEFENDANTS MORRIS AND SARHATT
FOR JUDGMENT ON THE PLEADINGS
BASED ON THE STATUTE OF LIMITATIONS

LINDSAY, District Judge

This is a suit brought by Anna M. Litif, individually and as the administratrix of the Estate of Louis R. Litif (the "Estate"), and individual members of the Litif family (collectively, the "plaintiffs") against John M. Morris and Lawrence Sarhatt (the "defendants," both of whom were FBI agents at times relevant to complaint) and others. It arises out of the circumstances surrounding the 1980 murder of Louis R. Litif, allegedly at the hands of James "Whitey" Bulger, an alleged member of the Boston area's Winter Hill Gang, an association of individuals engaged in criminal activities. The complaint is in seven counts. Count IV claims that Morris's[1] alleged involvement in Litif's murder deprived Litif, the Estate, and the other plaintiffs of their

---

[1] Count IV also names John J. Connolly, Jr. as a defendant. Connolly has also moved for judgment on the pleadings (docket no. 55), in part based on the statute of limitations. Because Connolly's motion addresses more than one ground for judgment, I will dispose of his motion in a separate order.

constitutional rights under the First, Fourth, and Fifth Amendments of the Constitution of the United States. The plaintiffs claim that the conduct of Morris in this regard is actionable under the rule stated in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In count V, the plaintiffs assert *Bivens* claims against Morris and Sarhatt for their participation in these alleged constitutional deprivations in their role as supervisors of other FBI agents. The defendants have moved under Fed. R. Civ. P. 12(c) for judgment on the pleadings on these counts, arguing that the *Bivens* claims, filed on September 9, 2002, are barred by applicable three-year statute of limitations.[2]

In an order issued today, I have considered whether the plaintiffs had complied with a two-year period of limitations with respect to their administrative claims against the United States based on the government's alleged role in Litif's death. *See* Order on United States' Motion to Dismiss (March 26, 2004, docket no. 62). Given the posture of the case, I concluded that it was not unreasonable for the plaintiffs to have failed to discover the alleged causal connection between Litif's murder and the government until September 15, 1999 or thereafter, when Anna Litif's sister telephoned her to alert her to the findings in *United States v. Salemme*, 91 F. Supp. 2d 141 (D. Mass. Sept. 15, 1999) (Wolf, J.). Since the plaintiffs had presented their administrative claims on September 10, 2001, I denied the government's motion.

---

[2]Because Congress has not established a time limitation for *Bivens* actions, the three-year Massachusetts statute of limitations applicable in tort actions for personal injuries, Mass. Gen. Laws ch. 260, § 2A, or civil rights actions, Mass. Gen. Laws ch. 260, § 5B, and any associated state tolling laws will apply, provided that they are not inconsistent with federal law or policy. *Wilson v. Garcia*, 471 U.S. 261, 266-67, 276-80 (1985). Since both statutes have a three-year period of limitations, it is unnecessary to decide whether Mass. Gen. Laws ch. 260, § 5B supplants Mass. Gen. Laws ch. 260, § 2A for purposes of federal civil rights actions. *Street v. Vose*, 936 F.2d 38, 39 n.2 (1st Cir. 1991).

My reasoning in the order denying the government's motion dictates the same result as to the defendants' present motions.  I hold, therefore, that the plaintiffs reasonably could have remained unaware of their claims against the defendants until sometime after September 15, 1999, when one or all of the plaintiffs was informed of the *Salemme* decision.  The plaintiffs could not have discovered their constitutional injuries before learning that the government was involved in Litif's death.  Because the plaintiffs filed their lawsuit on September 9, 2002, less than three years after this discovery, their complaint was timely.  Accordingly, I DENY the following motions:

> Motion of John M. Morris for Judgment with Prejudice on the Pleadings by Reason of Statute of Limitations (docket no. 59); and

> Defendant Lawrence Sarhatt's Motion for Judgment on the Pleadings Based on the Statute of Limitations (docket no. 58).

> SO ORDERED.

    /s/ REGINALD C. LINDSAY
    United States District Judge

DATED:  March 26, 2004