UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ESTATE. OF LOUIS R. LITIF, ET AL.<br>Plaintiffs, | DOCKET NO: 02-CV-11791 |
| v. | |
| UNITED STATES OF AMERICA, et al.<br>Defendant. | |

### DEFENDANT, LAWRENCE SARHATT'S
### REPLY MEMORANDUM
### IN SUPPORT OF MOTION
### FOR SUMMARY JUDGMENT

Pursuant to this court's allowance of defendant Lawrence Sarhatt's motion for leave, defendant Sarhatt respectfully submits this reply memorandum in support of his pending motion for summary judgment.

Plaintiffs did not proffer any substantive opposition to Sarhatt's motion for summary judgment. Instead, plaintiffs complain that they "have not had an opportunity to fully explore the actions or knowledge of defendant Sarhatt with respect to the circumstances surrounding the murder of ... Louis Litif." This assertion provides no basis to deny Sarhatt's motion for summary judgment.

Rule 56(f) of the Federal Rules of Civil Procedure, upon which plaintiffs rely, "is designed to minister to the diligent." Resolution Trust Corporation v. North Bridge Associates, Inc., 22 F. 3d 1198, 1203 (1st Cir. 1994). Further, '[w]hen, as is often the case, the reason [for seeking more time to oppose summary judgment] relates to incomplete discovery, the party's explanation must take a special form; it should show good cause for the failure to have discovered the facts sooner; it should set forth a plausible basis for believing that specified facts,

955796v1

susceptible of collection within a reasonable time frame, probably exist; and it should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Id.; Paterson-Leitch v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 989 (1st Cir. 1988). Plaintiffs have not made and cannot make any such showing.

In its September 30, 2004 memorandum and order on individual FBI defendants' (Connolly, Morris and Sarhatt's) motion for judgment on the pleadings based on qualified immunity, this Court made expressly clear that the remaining *Bivens* claim against Sarhatt should be dismissed if Sarhatt had no involvement with the FBI Boston office before or at the time of Litif's death. Memorandum and Order on Motions of Defendants Connolly, Morris and Sarhatt for Judgment on the Pleadings Based on Qualified Immunity (Lindsey, J.) (September 30, 2004) at p. 4, fn. 3. This ruling was mandated as the operative touchstone for the remaining *Bivens* claim is "deliberate indifference" to the wrongful conduct of subordinates. See e.g., Maldonando-Denis v. Castillo- Rodriquez, 23 F. F. 3d 576, 582 (1st. Cir. 1994). Indeed, the gravamen of the plaintiffs' assertion as to Sarhatt is that he was the supervisory agent in charge of the Boston office and failed to fulfill his supervisory responsibilities resulting in the death of Litif. See Complaint ¶¶ 24, 31 and 51. Plaintiffs erroneously assumed and pleaded that Sarhatt was an agent (i.e. Special Agent in Charge) with the Boston office at the time of Litif's death. Id. at ¶ 24. The plaintiffs' entire *Bivens* theory and "allegation" against Sarhatt is premised on this misunderstanding. See Advisory Committee Notes to Fed. R. Civ. P. 56 ("the very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof…). It is undisputed that Sarhatt did not become associated with the FBI Boston office until June 18, 1980, after Litif's death. Plaintiffs have not and cannot contest otherwise.

Accordingly, as it is an undisputed fact that Sarhatt did not become the SAC of the Boston office until after Litif's death, there can be no viable *Bivens* claim against Sarhatt as a matter lf law. Further, plaintiffs have not remotely identified what other possible "facts" exist

2

that would possibly support their sole remaining *Bivens* claim against Sarhatt or in anyway alter Sarhatt's right to the immediate entry of summary judgment.  Indeed, nowhere in their opposition do plaintiffs even articulate a basis for even a belief that such facts exist.  A desire to further "explore" and engage in a proverbial fishing expedition is no basis do deny Sarhatt's right to summary judgment.

In addition, plaintiffs have had more than ample time to "explore" any possible claim against Sarhatt.  Plaintiffs initiated this action back on September 9, 2002.  The government has since produced over 135,000 pages of documents and there has been ongoing extensive discovery including depositions.  Various transcripts, exhibits and related documents pertaining to the year long hearing before Judge Wolf as well as the Connolly criminal trial and related matters have long been produced and made available together with many other documents and records.  Plaintiffs cannot now fairly say that more time is needed to engage in "exploration" of a possible claim especially where it is undisputed that Sarhatt did not join the Boston office until after Litif's death and where plaintiffs have not and cannot offer any evidence or even a basis for believing their exists any evidence which remotely supports the *Bivens* claim.

WHEREFORE, the defendant, Lawrence Sarhatt, respectfully requests that his Motion for Entry of Summary Judgment be **ALLOWED**.

>Respectfully submitted,
>The Defendant,
>LAWRENCE SARHATT
>By his attorneys,
>**MORRISON MAHONEY LLP**
>
>/s/ Tory A. Weigand
>_____
>Tory A. Weigand, BBO #548553
>250 Summer Street
>Boston, MA  02210
>617-439-7500

Dated:  January 28, 2005

3

955796v1